# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# LITTLE ROCK DIVISION

DANNY GOSSAGE                                                                                          PLAINTIFF
ADC #139358

V.                                      NO: 4:10CV00009 WRW/HDY

SALINE COUNTY
DETENTION FACILITY *et al.*                                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge William R. Wilson, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.
2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Danny Gossage, a former detainee at the Saline County Detention Facility now incarcerated at the Arkansas Department of Correction, filed a *pro se* complaint on January 7, 2010. Defendants are Saline County Sheriff Bruce Pennington, and Lt. Ray Pennington and jailers Phyllis Harrelson, John Calma, and Ruth Shilling, all of the Saline County Detention Facility. Plaintiff appeared and testified as did Shilling[1] and Harrelson. Also appearing and testifying was Thomas Burks from the Counseling Clinic, Inc., of Benton. Following the presentation of testimony by the parties, the preponderance of the evidence causes the Court to enter the following findings and recommendations.

### I. Facts

Plaintiff was a pre-trial detainee at the Saline County Detention Facility when he attempted to commit suicide by hanging himself in his cell on December 5, 2009. In the process of the attempt,

---

[1] Shilling identified herself as Ruth Halpine at the hearing, but will be referred to herein as Shilling.

Plaintiff was able to activate an intercom in his cell to call for help. When Harrelson, who was in the control booth, heard the call, she "popped" open Plaintiff's door, and issued an order over the detention center loudspeakers directing other detainees to check Plaintiff's cell. Other detainees arrived, saw what was happening, and together with Shilling and Calma who arrived shortly thereafter, were able to bring Plaintiff safely to the floor, where he was taken to the front of the facility to recover. Plaintiff recovered, made a phone call, and refused medical treatment. Plaintiff made no further suicide attempts. Plaintiff contends that he was denied mental health treatment that could have prevented the incident. However, because no evidence was introduced to demonstrate that any Defendant was deliberately indifferent to his serious medical needs, Plaintiff's complaint should be dismissed.

## II. Analysis

A pre-trial detainee's constitutional claims arise under the Fourteenth Amendment, but courts apply the Eighth Amendment deliberate indifference standard. *See Hartsfield v. Colburn*, 371 F.3d 454, 456-57 (8th Cir. 2004) (pre-trial detainees' claims arise under Fourteenth Amendment; they are entitled to at least as much protection as afforded under Eighth Amendment); *Ervin v. Busby*, 992 F.2d 147, 150 (8th Cir. 1993) (per curiam) (punishment of pre-trial detainee prior to adjudication of guilt constitutes due process violation, but deliberate indifference standard applied to pre-trial detainee's inadequate medical care claim).

The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew

of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).

Although Plaintiff testified that he wrote 3-4 requests seeking counseling, he could not provide specific dates of the requests, and he did not provide any documentation of the requests he made. Plaintiff also testified that he did not make any verbal requests of any officer, although he had a good relationship with all the Defendants. The first documented evidence of Plaintiff's seeking help was a request for counseling Plaintiff submitted on December 5, 2009 (docket entry #32, exhibit C1). However, that request did not mention anything about suicidal thoughts, but only mentioned the small cell and various family circumstances which were apparently causing him to feel depressed. Even if Plaintiff's testimony that he submitted prior requests for counseling is accepted, Plaintiff testified that he sought counseling in those requests for family problems, and not because he was suicidal. Shilling testified that she served Plaintiff a meal on the day of the incident, but detected nothing to indicate any suicidal thoughts, despite training she has had in recognition of such issues. Thus, Plaintiff introduced no evidence to demonstrate any Defendant had reason to believe, in the days leading up to the incident, that he had any suicidal thoughts.

Likewise, there is no evidence of deliberate indifference during the incident. Plaintiff had covered his cell window at the time of the event, and called for help. Harrelson immediately unlocked the door from the control booth, even though it was a policy violation, in order to allow other detainees to check on Plaintiff. Harrelson testified that she took the action because she knew other detainees could reach Plaintiff more quickly than any detention center officer. Plaintiff was quickly removed from the situation, and taken to the front of the detention center for evaluation. Even though he did not appear to any Defendant to need medical care, he was asked if he believed

he needed medical care.  At that point, Plaintiff specifically refused any treatment.  The evidence introduced fails to establish any deliberate indifference in Defendants' response.

Finally, Defendants responded appropriately after the incident.  Plaintiff was seen by a counselor the night of the incident.  According to Burks, counselors may have a detainee hospitalized if they believe there is a suicide risk.  Plaintiff was not hospitalized, but did sign a no harm contract (docket entry #32, exhibit C2).  After the counseling session, Plaintiff was placed into a room with a camera so that his activities could be monitored more closely.

In summary, there is no evidence to establish that any Defendant had reason to believe that Defendant would attempt suicide before the actual event.  Once Plaintiff's attempt was discovered, Defendants took prompt action to protect him from harm, even to the extent of violating prison policy in an effort to reach him quickly.  Immediately after the event, Plaintiff was provided with counseling, and closely monitored to ensure no further attempts would be made.  Accordingly, Plaintiff has failed to demonstrate that any Defendant was deliberately indifferent to his medical needs, and his complaint should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2. All pending motions be DENIED.

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this order or any judgment entered hereunder, would not be taken in good faith.

DATED this   27   day of October, 2010.

_____
UNITED STATES MAGISTRATE JUDGE